UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Stanley Lee Simmons and Reba Jolynn Simmons,

Debtors.

Case No. 05-45487-W

Chapter 13

ORDER

THIS MATTER is before the Court on Motion of S.C. Telco Federal Credit Union ("Creditor") for relief from the automatic stay ("Motion"). Creditor alleges that it lacks adequate protection because Debtors have failed to make direct payments to the Creditor pursuant to 11 U.S.C. § 1326(a)(1)(C). Debtors and the Chapter 13 Trustee ("Trustee") filed responses to the Motion and they assert that SC LBR 1019-1 is applicable and controls the issue of adequate protection payments in Chapter 13 bankruptcy cases filed in this District.

SC LBR 1019-1 and 3015-1(i) provide that the Trustee will disburse all funds received prior to confirmation pursuant to the terms of the confirmed plan. Debtors' plan provides that they will make payments to the Creditor through their Trustee. Creditor did not object to their treatment under the plan. An order was entered confirming Debtors' plan on May 22, 2006. Trustee will make disbursements to creditors, including to this Creditor, on June 2, 2006.

Adequate protection, provided to a creditor by § 1326(a)(1)(C), does not necessarily require that payments be made directly to the creditor prior to confirmation. See In re Beaver, 337 B.R. 281, 284 (Bankr. E.D.N.C. 2006) (holding that debtors may choose another form of adequate protection, other than direct payment to a creditor). In this case, Debtors are providing adequate protection to the Creditor by making payments to their Chapter 13 Trustee prior to confirmation. Creditor did not object to the amount of these payments provided by Debtors' plan. If Debtors' case where to be dismissed or converted, SC LBR 1019-1 provides that Creditor will receive from the Trustee a

disbursement of the amount paid by Debtors for the Creditor's claim prior to the conversion or dismissal of the case. Thus, the Court finds that the Creditor is adequately protected for purposes of § 1326(a)(1)(C). See Beaver, 337 B.R. at 285 (finding a creditor is adequately protected where plan provided that the creditor would receive a disbursement of pre-confirmation payments made to a chapter 13 trustee if the case was not confirmed or dismissed).

Alternatively, if § Section 1326(a)(1)(C) requires Debtors to make direct payment to the Creditor, Debtors are not required to do so in this case because the Court has ordered otherwise. First, in adopting SC LBR 1019-1 and 3015-1(i) the Court has ordered that payments be made to Debtors' Chapter 13 Trustee rather than directly to the Creditor. Debtors' plan provides for like treatment of Creditor's claim, and the plan was confirmed by an order entered May 22, 2006. Therefore, the Court has ordered that Debtor may make payments to their Chapter 13 Trustee in lieu of making payments directly to the Creditor.

Based upon the foregoing, the Creditor's Motion is denied as the Creditor is adequately protected by Debtors payments to their Chapter 13 Trustee and the Court has otherwise ordered that Debtors may make payments to Trustee prior to confirmation through the adoption of local rules and the order confirming the Debtors' chapter 13 plan.

**AND IT IS SO ORDERED.**

*John E Waites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
May 31, 2006